IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KEITH HENDERSON,
    Petitioner,

vs.                                                   Case No.: 5:14cv215/RS/EMT

WARDEN QUINN, et al.,
    Respondents.
_____/

## REPORT AND RECOMMENDATION

    Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 (doc. 1) and a motion to proceed in forma pauperis (doc. 2).

    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ. P. 72(b). After careful consideration of the petition, it is the opinion of the undersigned that this court lacks jurisdiction to entertain it, and transfer to the appropriate court is warranted.

    District courts are limited to granting habeas relief "within their respective jurisdictions." 28 U.S.C. § 2241(a). The Supreme Court has interpreted this language to require "nothing more than that the court issuing the writ have jurisdiction over the custodian." Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 495, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973). Thus, a § 2241 petition must be brought in the district where the inmate is incarcerated. *See* Rumsfeld v. Padilla, 542 U.S. 426, 443–44, 124 S. Ct. 2711, 2722, 159 L. Ed. 2d 513 (2004).

    In Rumsfeld, the Supreme Court explained that the general rule for habeas petitions is that jurisdiction lies solely in the district of confinement. 542 U.S. at 443. Specific to § 2241 petitions, the Court directed that a petitioner seeking to challenge his present physical custody "should name his warden as respondent and file the petition in the district of confinement." *Id.* at 447. The Court

emphasized that there was not a single case in which it had deviated from the rule that a habeas petitioner challenging his present physical custody was required to name his immediate custodian as Respondent and file his petition in the district of his confinement. *Id.* at 449–50.

It is apparent from the face of the petition that Petitioner is incarcerated at the Wheeler Correctional Facility in Alamo, Georgia (*see* docs. 1, 2).[1] Thus, this court lacks jurisdiction to review his petition because he is not incarcerated in the Northern District of Florida. *See* Rumsfeld, 542 U.S. at 443–44. Accordingly, the case should be transferred to the appropriate district court, which is the United States District Court for the Southern District of Georgia. *See, e.g.*, Diaz v. United States, — F. App'x. —, 2014 WL 4377576, at *1 (11th Cir. Sept. 5, 2014) (unpublished) (vacating district court's order dismissing § 2241 petition for lack of jurisdiction and remanding with instructions to transfer case to district court having jurisdiction over petitioner's custodian).

Accordingly, it is respectfully **RECOMMENDED**:

That the Clerk of this Court be directed to forthwith transfer this action to the United States District Court for the Southern District of Georgia for all further proceedings.

At Pensacola, Florida, this 15th day of September 2014.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[1] Petitioner properly named at least one warden of Wheeler Correctional Facility as a Respondent.

Case No.: 5:14cv215/RS/EMT